UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHLEEN HOWARD,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-364

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 6),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB on January 18, 2011 alleging a disability onset date of June 15, 2009. PageID 219-22. Plaintiff claims disability as a result of a number of impairments

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

including, *inter alia*, cervical and lumbar degenerative disc disease, anxiety, and depression. PageID 45.

After an initial denial of her application, Plaintiff received a hearing before ALJ Scott Canfield on February 1, 2013.  PageID 67-107.  The ALJ issued a written decision thereafter finding Plaintiff not disabled.  PageID 43-56.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since June 15, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: cervical degenerative disc disease; lumbar degenerative disc disease; anxiety; and depression (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: never climb ladders, ropes, or scaffolds; frequent stooping; avoid all exposure to hazards, i.e., dangerous machinery, unprotected heights, and commercial driving; limited to simple, routine one to two-step tasks and instructions with no fast-paced work, no strict production quotas, only simple work decisions, and minimal changes in the work setting; and only occasional contact with the public, co-workers, and supervisors.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565).

7. The claimant was born [in] 1962 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  The claimant subsequently changed age category to approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that she can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2009, through the date of this decision (20 C.F.R. 404.1520(g)).

PageID 45-55.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 32-34. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B. Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the medical evidence in this case. PageID 43-55. Plaintiff, in her Statement of Errors, sets forth a detailed summary of the record evidence. Doc. 9 at PageID 629-36. The Commissioner also sets forth the relevant medical evidence in her memorandum in opposition. Doc. 10 at PageID 649-54. Except as otherwise noted in this Report and Recommendation, the undersigned incorporates all of the foregoing, and sets forth detailed portions of the evidentiary record where appropriate for analysis of the issues presented for review.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

4

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work – and also considering the claimant's age, education, past work experience, and RFC – do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In her Statement of Errors, Plaintiff challenges only the ALJ's conclusions concerning her mental impairments, specifically arguing that he erred by: (1) not incorporating all portions of the opinions offered by record reviewing, state agency consultants upon whom he relied upon in formulating Plaintiff's RFC; (2) giving little weight to examining psychologist Ty Payne, Ph.D.; (3) failing to properly weigh the opinion of Plaintiff's treating psychologist David Lombard, Ph.D.; and (4) making a credibility determination that is not supported by the record.

5

Doc. 9 at PageID 636.  The Court finds reversible error concerning Plaintiff's first alleged error and, accordingly, does not address the merits of Plaintiff's remaining contentions.

In her first assignment of error, Plaintiff challenges the ALJ's assessment of opinions offered by record reviewing psychologists Caroline Lewin, Ph.D. and Mary K. Hill, Ph.D.  *Id*. at PageID 637-39.  Significantly, both consulting psychologists opined that, as a result of Plaintiff's mental impairments, she "may need an occasional extra break to calm herself" and "may need some prompts to persist and complete things."  PageID 119, 134.  While the ALJ "essentially adopted" and gave "significant weight" to these opinions, he did not include such limitations in Plaintiff's RFC and offered no explanation regarding such omission.  *See* PageID 47.  Plaintiff argues that this omission is significant because -- as arguably testified to by the Vocational Expert ("VE") -- an individual with her RFC and these additional limitations would not be able to maintain competitive employment.  PageID 103-05.[3]

An ALJ need only accept those limitations he or she finds credible.  *See Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).  However, the ALJ must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably.  *See Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014) (finding that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC"); *Stoddard v. Astrue*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010); *Washington v. Colvin*, No. 13–1147–SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014) (finding the ALJ's "failure to

---

[3] In addition to these omissions, Plaintiff also notes Dr. Hill's opinion that that Plaintiff would only be "able to work in small group setting[s] or [in an] area on her own," a limitation Plaintiff argues the ALJ rejected by finding Plaintiff capable of "occasional contact with the public, coworkers, and supervisors."  PageID 134.

either include [certain] limitations [as opined by a medical source], or explain why they were not included in the RFC findings, [to be] especially problematic in light of the fact that the ALJ accorded "substantial" weight to [the medical source's] opinions").

The undersigned agrees with Plaintiff insofar as she argues that the ALJ erred by failing to explain the omission of such limitations from her RFC. Such failure amounts to reversible error. *See O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-cv-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015), *report and recommendation adopted*, No. 3:14-cv-125, 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015).

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this case, all factual issues have not been resolved. Accordingly, the undersigned concludes that this case should be remanded to the ALJ for further proceedings; specifically for reconsideration of Plaintiff's mental impairments and her RFC resulting therefrom.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   December 9, 2015                             *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).